**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CURTIS THOMAS, | : | Civil No. 3:25-cv-1326 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| MRS. BOONE, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Curtis Thomas ("Thomas"), an inmate housed at the State Correctional

Institution, Camp Hill, Pennsylvania, initiated this action against Unit Manager Boone and

Reverand Anyanwu, seeking monetary damages based on the alleged violation of his First

Amendment rights and a violation of the Religious Land Use and Institutionalized Persons

Act, 42 U.S.C. § 2000cc ("RLUIPA").  (Doc. 1).

Presently before the Court is Defendants' motion (Doc. 11) to partially dismiss the

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth

below, the Court will grant the motion and grant Thomas limited leave to amend.

## I.    Background

Thomas states that he is a Muslim and practices the religion of Al-Islam.  (Doc. 1, at

4).  He asserts that, during the month of Ramadhan, he is required to fast.  (*Id.*).  Thomas

maintains that for the month of March 2025, he signed the "List to Fast."  (*Id.*).  Thomas

alleges that Defendants removed him from the Ramadhan fasting list. (*Id.*). Thomas further alleges that he did not authorize this removal. (*Id.*).

Based on these allegations, Thomas asserts causes of action against Defendants in their individual and official capacities pursuant to RLUIPA and Section 1983 for a violation of his rights under the First Amendment to the United States Constitution. (*Id.* at 4-5). For relief, Thomas seeks "$200,000.00 from each of the two (2) Defendants." (*Id.* at 4).

Defendants now move to dismiss the complaint, in part, on the following grounds: (1) the RLUIPA claims for monetary damages against Defendants in their individual and official capacities must be dismissed because they are barred by RLUIPA and sovereign immunity; and (2) the First Amendment claim against Defendants in their official capacities is barred by sovereign immunity.[1] (Docs. 11, 12). The motion to dismiss is ripe for disposition.

## II.   Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

---

[1]   Defendants do not move to dismiss the First Amendment claim brought against them in their individual capacities. (Doc. 12, at 1, 8).

2

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

### A. Thomas' Section 1983 Claim for Monetary Damages Against Defendants in Their Official Capacities

In his complaint, Thomas asserts a violation of the First Amendment pursuant to the

provisions of Section 1983. (Doc. 1). That statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting

under the color of state law, deprives another individual of any rights, privileges, or

immunities secured by the Constitution or laws of the United States." *Shuman v. Penn*

*Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). It "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* (citation omitted).

Here, Thomas attempts to sue Defendants in both their individual and official capacities. (Doc. 1, at 4; *see also* Doc. 13). Defendants argue that Thomas' Section 1983 claim for monetary damages against Defendants in their official capacities must be dismissed, with prejudice, as barred by sovereign immunity. (Doc. 12, at 4-8).

A suit for monetary damages brought against a state official in his official capacity is not a suit against that official; it is a suit against that official's office. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted); *Allen v. New Jersey State Police*, 974 F.3d 497, 506 (3d Cir. 2020). This is no different from a suit against the State itself, which is barred by the Eleventh Amendment. *See Will*, 491 U.S. at 66, 70-71; *Pennhurst State School & Hops. v. Halderman*, 465 U.S. 89, 98-99 (1984) (explaining that the Eleventh Amendment bars suits against a State in federal court).

However, there are two exceptions to Eleventh Amendment immunity: (1) the State has waived its immunity or (2) Congress has exercised its power under Section 5 of the Fourteenth Amendment to override that immunity. *See Will*, 491 U.S. at 66; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (recognizing these two exceptions to a State's Eleventh Amendment immunity). The Court finds that neither one of these exceptions apply here. The United States Court of Appeals for the Third Circuit explained that the Commonwealth

5

of "Pennsylvania has not waived its sovereign immunity defense in federal court[,]" and "Congress did not abrogate Eleventh Amendment immunity via § 1983." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) (citation omitted); *see also* 42 Pa. Stat. and Cons. Stat. Ann. § 8521(b) (stating that "[n]othing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States"); *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (concluding that the history and language of Section 1983 establish that Congress did not intend to make the States liable under that statute).

Accordingly, the Court finds that Thomas' Section 1983 claim for monetary damages against Defendants in their official capacities is barred by Eleventh Amendment immunity. The Court will grant Defendants' motion to dismiss the Section 1983 claim for monetary damages with prejudice against Defendants in their official capacities.

B.     Thomas' RLUIPA Claims for Monetary Damages Against Defendants in Their Individual and Official Capacities

Thomas also asserted violations of RLUIPA. (Doc. 1). RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution... unless the government demonstrates that imposition of the burden on that person" furthers "a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). "Several provisions of RLUIPA underscore its expansive protection for religious liberty." *Holt v. Hobbs*, 574 U.S. 352, 358 (2015). For instance, "religious

6

exercise" is defined "capaciously to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Id.* (quoting 42 U.S.C. § 2000cc-5(7)(A)). In addition, "Congress mandated that this concept 'shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution.'" *Id.* (quoting 42 U.S.C. § 2000cc-3(g)). Congress also stated that "RLUIPA 'may require a government to incur expenses in its own operations to avoid imposing a substantial burden on religious exercise.'" *Id.* (quoting 42 U.S.C. § 2000cc-3(c)).

Even though RLUIPA offers such expansive protection for religious liberty, a prisoner bears the initial burden of showing that his religious exercise is grounded in a sincerely held religious belief and that the defendant's action has substantially burdened his religious exercise. *Id.* at 360-61. However, once the prisoner makes this showing, the burden shifts to the defendant to show that the substantial burden on the prisoner's religious exercise furthers "'a compelling governmental interest'" and is "'the least restrictive means of furthering that compelling governmental interest.'" *Id.* at 362 (quoting 42 U.S.C. § 2000cc-1(a)).

Defendants argue that Thomas' RLUIPA claims for monetary damages against Defendants in both their individual and official capacities must be dismissed, with prejudice, because they are barred by RLUIPA and sovereign immunity, respectively. (Doc. 12, at 3-8). In his opposition brief, Thomas posits that he "does not seek money damages for his

Religious Land Use Institutionalized Person Act Claim if money damages are not permitted by law, but seeks all other relief afforded by RLUIPA."[2] (Doc. 13, at 1).

RLUIPA does not permit an action against state officials in their individual capacities. *See Sharp v. Johnson*, 669 F.3d 144, 154 (3d Cir. 2012). The United States Court of Appeals for the Third Circuit explained that:

> RLUIPA was enacted pursuant to Congress's powers under the Spending Clause, thereby allowing Congress to impose certain conditions, such as civil liability, on the recipients of federal funds, such as state prison institutions. Because state officials are not direct recipients of the federal funds, and thus would have no notice of the conditions imposed on them, they cannot be held individually liable under RLUIPA.

*Mack v. Warden Loretto FCI*, 839 F.3d 286, 303 (3d Cir. 2016) (footnotes omitted).

In addition, RLUIPA claims for damages against state officials in their official capacities are barred by the Eleventh Amendment. *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011). As explained above, a suit for monetary damages that is brought against a state official in his official capacity is no different from a suit brought against the State itself, which is barred by Eleventh Amendment immunity unless the State has waived its immunity or Congress has exercised its power under Section 5 of the Fourteenth Amendment to override that immunity. *See Will*, 491 U.S. at 66, 70-71 (citation omitted); *Kentucky*, 473 U.S. at 169. However, these two exceptions do not apply here. The Commonwealth of Pennsylvania has not waived its sovereign immunity defense in federal court, *see Scott v.*

---

[2] In his complaint, Thomas only seeks monetary damages. (Doc. 1, at 5). He does not seek declaratory or injunctive relief. (*See id.*).

*Beard*, 252 F. App'x 491, 492-93 (3d Cir. 2007) (holding that a "RLUIPA claim for money damages against [defendant] in his official capacity" is, essentially, a claim against the State itself and, thus, "is barred by the Eleventh Amendment" (citations omitted)), and Congress did not abrogate Eleventh Amendment immunity via RLUIPA, *see Sossamon*, 563 U.S. at 285-88.

Therefore, Thomas' RLUIPA claims for monetary damages are not permitted against Defendants in either their individual or official capacities. *See Marshall v. Pennsylvania Dep't of Corr.*, 690 F. App'x 91, 92 (3d Cir. 2017) (concluding that the prisoner-plaintiff's RLUIPA claims for monetary damages "fail[ed]" because "RLUIPA does not permit actions against State officials in their individual capacities" and because "a claim for damages against State officials in their official capacities is barred by sovereign immunity" (citation and internal citation omitted)). The Court will dismiss Thomas' RLUIPA claims for monetary damages against Defendants in their individual and official capacities with prejudice. Thomas' complaint does not contain a request for declaratory or injunctive relief against Defendants in their official capacities; therefore, the Court will grant Thomas leave to amend this claim.

IV.    <u>Leave to Amend</u>

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d

Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).

In accordance with this standard, the Court concludes that it would be futile to grant Thomas leave to amend his Section 1983 claim for monetary damages against Defendants in their official capacities and his RLUIPA claims for monetary damages against Defendants in their individual and official capacities.

However, the Court cannot conclude that granting Thomas leave to amend his RLUIPA claims for declaratory and injunctive relief against Defendants in their official capacities would be futile. Thus, the Court will grant Thomas leave to amend only as to this claim. Thomas is advised that any amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth the claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## V.    Conclusion

Consistent with the foregoing, the Court will grant Defendants' motion (Doc. 11) to partially dismiss the complaint.

The Court will grant Thomas leave to amend his RLUIPA claims for declaratory and injunctive relief against Defendants in their official capacities.

The First Amendment claim against Defendants in their individual capacities will proceed.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May ___, 2026